**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| COREY DURRETT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-1513 |
| | ) | |
| v. | ) | Judge Nora Barry Fischer/ |
| | ) | Magistrate Judge Bissoon |
| RAMON RUSTIN, Warden ACF; DANA | ) | |
| PHILLIPS, Health Care Director; DR. | ) | |
| PATTERSON, Head Doctor; ALLEGHENY | ) | |
| CORRECTIONAL HEALTH SERVICES; | ) | |
| JOHN or JANE DOE, Nurse; and | ) | |
| ALLEGHENY COUNTY JAIL, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the case be dismissed with prejudice for failure to comply with this Court's order of December 29, 2010 (ECF No. 8).

## II. REPORT

Corey Durrett ("Plaintiff") was, at the time of initiating this suit, incarcerated at the Allegheny County Jail, awaiting trial. Proceeding pro se, he has sought to file the instant civil rights complaint. The factual allegations concern one incident that allegedly occurred on October 1, 2010, when Plaintiff jumped down from his top bunk, which had no ladder and he slipped in the cell in water that had leaked onto the floor. He fell and landed on his back and head and hurt himself. Plaintiff was jerked up from his lying posture by a female nurse. Plaintiff complains that he requested treatment at least ten times to no avail. ECF No. 1-1 at 5 to 6. Plaintiff avers that the foregoing constitutes cruel and unusual punishment.

On November 23, 2010, the Court ordered Plaintiff to provide to the Clerk of Court, proper service instructions, the necessary U.S. Marshal Form 285 and completed notice and waiver of summons forms for each Defendant by December 21, 2010. ECF No. 7. Plaintiff did not comply with that order nor did he seek an extension of time in which to do so. Accordingly, on December 29, 2010, the Court issued an order directing Plaintiff to show cause why this case should not be dismissed for Plaintiff's failure to comply with the Courts November 23, 2010 order. ECF No. 8. Plaintiff was required to file a response to the show cause order no later than January 13, 2011. As of the writing of this report, Plaintiff has not done so, has not sought an extension of time in which to do so and, indeed, has not responded in any manner to the show cause order.

A district court has the inherent power to *sua sponte* dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors known as the Poulis factors[1] when it levies the sanction

---

[1] See e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. <u>Harris v. City of Philadelphia</u>, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth the following six factors to be considered: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. <u>Id.</u> at 868. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the court of appeals. <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, the Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." <u>Id</u>.

Consideration of the factors listed above is as follows:

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the orders set forth above. The responsibility for his failure to respond to the orders in question is Plaintiff's alone.

(2) Prejudice to the adversary.

The complaint has not yet been served on Defendants.  As such, there is no indication that Defendants have been prejudiced.

(3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward and has ignored two of this Court's orders.  This is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect," <u>Poulis</u>, *supra*.  The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding *pro se* and has not responded to the Court's order, and it is not clear that any sanction other than dismissal will properly redress Plaintiff's refusal to comply.

(6) Meritoriousness of Plaintiff's case.

At best, it sounds like Plaintiff is alleging negligence in the initial incident when he injured himself and was "yanked" up by the female nurse.   However, negligence is below the constitutional threshold for establishing a constitutional tort. *See*, *e.g.*,  <u>Daniels v. Williams</u>, 474 U.S. 327, 333 (1986) ("injuries inflicted by governmental negligence are not addressed by the United States Constitution");  <u>Woodward v. City of Worland</u>, 977 F.2d 1392, 1399 (10th Cir. 1992) ("[L]iability under § 1983 must be predicated upon a 'deliberate' deprivation of constitutional rights by the defendant,'  and not on negligence."); <u>Kwasnik v. LeBlon</u>, 228 F.App'x 238, 244 (3d Cir. 2007) ("Liberally construing the Amended Complaint, as we must, we conclude that the allegations, and reasonable inferences drawn therefrom, at best, merely state a

negligence claim. Negligence claims are not cognizable under § 1983."). As for the allegations that Plaintiff repeatedly requested treatment but to no avail, without further factual development, it is difficult to assess the meritoriousness of this claim and, furthermore, without further factual allegations, such may well be insufficient under the pleading requirements of  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937 (2010). Accordingly, we find that this factor weighs, even if slightly, in favor of dismissal.

In light of the foregoing, we find that the Poulis factors weigh in favor of dismissal. Consequently, this Court recommends that Plaintiff's case be dismissed with prejudice for failing to comply with the order of December 29, 2010.

### III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Plaintiff's case be dismissed with prejudice.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (c), and Rule 72.D.2 of the Local Civil Rules, objections to this Report and Recommendation are due by February 23, 2011. Failure to file objections by this date may constitute a waiver of any appellate rights.


s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge


cc:

Nora Barry Fischer
United States District Judge


Corey Durrett
#88970
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219